IN THE
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

———————————————

No. 18-1273
Criminal

———————————————

UNITED STATES OF AMERICA

Appellee,

v.

TRUDALE RAYMOND WILLIAMS,

Appellant.

———————————————

Appeal from the United States District Court
for the District of Minnesota

———————————————

BRIEF OF APPELLANT

———————————————

MANNY K. ATWAL
Assistant Federal Public Defender
District of Minnesota
U.S. Courthouse, Suite 107
300 South Fourth Street
Minneapolis, MN 55415
Attorney for Appellant

TAYLOR B. CUNNINGHAM
3L University of MN Law School

## SUMMARY AND REQUEST FOR ORAL ARGUMENT

Trudale Raymond Williams pled guilty to being a Felon in Possession of a Firearm and was sentenced to 100 months in prison to be followed by three years of supervised release.

Mr. Williams argues that his advisory Guideline range was calculated inaccurately because the district court found that Mr. Williams had sustained a crime of violence and a controlled substance offense prior to possessing the firearm. Such a finding increased his base offense level from 14 to 24.

Mr. Williams requests this Court grant him oral argument on this case. Ten minutes per side will suffice to address the issues raised before the Court.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................... ii

TABLE OF ABBREVIATIONS ............................................................. iii

JURISDICTIONAL STATEMENT ......................................................... 1

STATEMENT OF ISSUE ....................................................................... 2

STATEMENT OF THE CASE ................................................................ 3

SUMMARY OF ARGUMENT ............................................................... 7

ARGUMENT:

I.    The district court erroneously imposed an enhanced Guideline base offense level, mistakenly determining that a Minnesota conviction for Simply Robbery qualifies as a "crime of violence." ........................... 8

II.    The district court erroneously imposed an enhanced Guideline base offense level, mistakenly determining that a 18 U.S.C. § 924(c) conviction qualifies as a "control substance offense." ....................... 11

CONCLUSION .................................................................................... 17

ADDENDUM:

Judgment in Criminal Case
Certificate of Compliance and Virus Free Electronic Brief
Certificate of Service

# TABLE OF AUTHORITIES

**CASES:**                                                    **Page**

*Myers v. United States*, 993 F.2d 171 (8th Cir. 1993) .............................................16

*State v. Nelson*, No. A14-0810, 2015 WL 853492, at *2
   (Minn. Ct. App. 2015) ..........................................................................9

*Stokeling v. United States*, ___ S.Ct.__, 2018 WL 1568030 (Apr. 2, 2018)...........11

*United States v. Boman*, 873 F.3d 1035 (8th Cir. 2017)..........................................13

*United States v. Libby*, 880 F.3d 1011 (8th Cir. 2018) ...............................................

*United States v. Maldonado*, 864 F.3d 893 (8th Cir. 2017), cert. denied,
   138 S. Ct. 702 (2018)...........................................................................14

*United States v. McMillan*, 863 F.3d 1053 (8th Cir. 2017) ....................................12

*United States v. Pettis,* No. 16-3988 (8th Cir. 2016)...............................................10

*United States v. Price*, 516 F.3d 285 (5th Cir. 2008) .............................................16

*United States v. Robinson*, 447 Fed.Appx. 512 (4th Cir. 2011) .............................14

*United States v. Robinson*, 639 F.3d 489 (8th Cir. 2011)........................................16

*United States v. Ruiz*, 986 F.2d 905 (5th Cir. 1994)...............................................16

*United States v. Savage*, 542 F.3d 959 (2d Cir. 2008)............................................15

**STATUTES:**

18 U.S.C. § 841(c) ...................................................................................10

18 U.S.C. § 922(g)(1)....................................................................................1

18 U.S.C. § 924(c)(1)(A) .................................................................*passim*

18 U.S.C. §924(c)(2)..................................................................15

21 U.S.C. § 801, et seq..........................................................13, 15

21 U.S.C. § 843(c)..................................................................15

21 U.S.C § 844..................................................................15

21 U.S.C. § 951 et seq..........................................................13

26 U.S.C. § 5845(a)..............................................................10

Minn. Stat. § 609.24 (2009)....................................................9

Minn. Stat. § 609.24 (2017)....................................................2

## **OTHER AUTHORITIES:**

USSG § 2B1.2(a) ..................................................................16

USSG § 2K2.1..................................................................2, 4, 10

USSG § 2K2.1(a)(2) ..........................................................5, 8, 12

USSG § 2K2.1(a)(4)(A)..........................................................5

USSG § 2K2.1(a)(6) ..............................................................4

USSG § 4B1.2..................................................................*passim*

USSG § 4B1.2(a) ..................................................................10

USSG 4B1.2(b) ..................................................................13

**TABLE OF ABBREVIATIONS**

| Abbreviation | Full Title |
|---|---|
| DCD | District Court Docket Entry |
| FRAP | Federal Rules of Appellate Procedure |
| PH | Change of Plea Hearing Transcript, followed by page number |
| PSR | Presentence Investigation Report, followed by paragraph |
| ST | Sentencing Hearing Transcript, followed by page number |
| USSG | United States Sentencing Guidelines |

# JURISDICTIONAL STATEMENT

The government charged appellant Trudale Williams by indictment, filed in United States District Court for the District of Minnesota, federal jurisdiction having been premised under 18 U.S.C. § 3231 (DCD, 11).[1] The relevant alleged offense was Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1), (DCD, 1), the count to which Mr. Williams entered a guilty plea under the terms of a plea agreement, (DCD, 169). The Honorable Susan R. Nelson, United States District Judge, presided at all proceedings relevant to this appeal.

The district court entered judgement on January 25, 2018, (DCD, 247), and Mr. Williams timely filed a notice of appeal. (DCD, 255). This Court has jurisdiction to decide the present appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

---

[1] Record citations are described in the Table of Authorities, *supra*.

# STATEMENT OF THE ISSUES

## I.

**The district court erroneously imposed an enhanced Guideline base offense level, mistakenly determining that a Minnesota conviction for Simple Robbery qualifies as a "crime of violence."**

Minn. Stat. § 609.24 (2017)
USSG §§ 2K2.1 & 4B1.2

## II.

**The district court erroneously imposed an enhanced Guideline base offense level, mistakenly determining that a 18 U.S.C. § 924(c)(1)(A) conviction qualifies as a "control substance offense."**

18 U.S.C. § 924(c)(1)(A)
USSG §§ 2K2.1 & 4B1.2

## STATEMENT OF THE CASE

### Trudale Williams: A Misguided Life

Mr. Williams is 25 years old. (PSR). He grew up in the Twin Cities area — specifically, north Minneapolis — with his two siblings, both of whom he was very close. (PSR, ¶ 74). He was raised by only his mother as Mr. Williams' parents divorced when he was young. (*Id.*). His father was not active in his life following the divorce (*Id.*). To support the family, Mr. Williams' mother worked two jobs and his oldest brother helped take care of the family when she was away. (*Id.*).

School was not easy for Mr. Williams. Due to his lack of height and small body frame, he was the subject of bullying, both physical and verbal, by classmates. (PSR, ¶ 75). Although his older brothers tried to protect him, Mr. Williams still witnessed neighborhood violence. (*Id.*). Unfortunately, young Mr. Williams would go on to become involved in crime at the age of 13, (*Id.*), and be in the criminal justice system from there on out.

In March 2011, at the age of 18, Mr. Williams was arrested and charged by the federal government for felony possession of a firearm in furtherance of a drug trafficking crime. (PSR, ¶ 66). He was sentenced to 60 months imprisonment and 5 years supervised released. (*Id.*). Shortly before he was transferred to a halfway house in 2015, Mr. Williams' life was turned upside down when he was told by fellow

inmates that his brother had been murdered. (PSR, ¶ 76). All of the goals he made for himself while in prison were destroyed by the murder of his "hero." (*Id.*).

Following his release from custody, Mr. Williams was without the guidance of his brother. The pain of his death and lack of guidance led Mr. Williams to begin consuming large amounts of alcohol and making bad decisions. (PSR, ¶ 77). These bad decisions ultimately led to his arrest in the instant case. (*Id.*). After his arrest, Mr. Williams' longtime girlfriend gave birth to his first child. (PSR, ¶ 78). He would not first see his child until his motion hearing, when Mr. Williams saw his baby in the courtroom. (DCD, 241 at 16-17).

**The District Court Proceedings**

Mr. Williams was detained in 2017 and is now serving his 100-month sentence. Under the terms of a negotiated plea agreement, he pled guilty to the aforementioned unlawful Possession of Firearm offense. (DCD, 169).

The United States Sentencing Guidelines drove the sentence ultimately imposed here — a lengthy 100-month prison term. (DCD, 247). As set out in the PSR, the applicable Guideline to the offense of conviction is USSG § 2K2.1 and aspects of that Guideline were disputed below and are at issue in this appeal.

The Guidelines provide for a base offense level of 14 if the defendant was a "prohibited person" at the time of the offense, USSG § 2K2.1(a)(6), but a stepped-up base offense level of 20 if the defendant sustained one prior felony conviction of

either a "crime of violence" or a "controlled substance offense", § 2K2.1(a)(4)(A), or 24 if the defendant sustained two prior felony convictions of either a crime of violence or a controlled substance offense, § 2K2.1(a)(2). Here, the Probation Office recommended the latter, citing two requisite crimes: a 2009 Minnesota conviction for Simple Robbery, as a "crime of violence," and a 2012 federal conviction for Possession of a Firearm in Furtherance of a Drug Trafficking Crime, as a "controlled substance offense." (PSR, ¶ 40).

The defense objected to both convictions being classified as either a "crime of violence" or "controlled substance offense." (DCD, 241; ST 8-9, 30). The district court overruled the defense's objections and adopted the recommendations of the Probation Office (DCD, 248; ST 7). This determination had a tremendous impact upon the penalty ultimately imposed by the sentencing court. The Court found the base offense level to be 24, plus 2 for the number of firearms, and minus 3 for acceptance of responsibility. The yielding advisory imprisonment sentence was 100-120 months. (ST, 8, 30).

The district court chose the calculations recommended by the Probation Office, and imposed a 100-month term of imprisonment. (DCD, 247 at 2). But as shown in the discussion that follows, the district court should have adopted the defense's proposed calculations, which would have resulted in a far lower Guidelines range and a commensurately lesser penalty.

After the sentence was imposed, Mr. Williams objected to the court's guideline calculations and the sentence. (ST at 30).

This appeal follows.

## SUMMARY OF THE ARGUMENT

Trudale Raymond Williams was sentenced to 100 months in prison for the crime of possessing a firearm while being a felon. In this appeal, Mr. Williams argues that his advisory Guideline range was calculated inaccurately because the district court found that Mr. Williams had sustained a crime of violence and a controlled substance offense prior to possessing the firearm. Such a finding increased his base offense level from 14 to 24 thereby increasing his term of imprisonment.

# ARGUMENT

## I. The district court erroneously imposed an enhanced Guideline base offense level, mistakenly determining that a Minnesota conviction for Simple Robbery qualifies as a "crime of violence."

Both before and at sentencing, the defense repeatedly objected to the determination that Mr. Williams' Minnesota Simple Robbery conviction qualified as a "crime of violence" under the Guidelines. This Court should overturn the district court's holding for the following reasons:

### A. This Court applies *de novo* review to a district court's determination that a prior conviction is a "crime of violence" under the Guidelines

The district court found that a base offense level of 24 should apply, USSG §2K2.1(a)(2), having determined that a prior Minnesota conviction for Simple Robbery constitutes a "crime of violence" within the meaning of the Guidelines, USSG § 4B1.2.

This Court review *de novo* a district court's determination that a conviction is a crime of violence under the Guidelines. *United States v. McMillan*, 863 F.3d 1053, 1055 (8th Cir. 2017).

**B. A Minnesota conviction for Simple Robbery does *not* qualify as a "crime of violence.**

Minnesota's Simple Robbery statute, codified as Minn. Stat. § 609.24 (2009)[2], provides:

> Whoever, having knowledge of not being entitled thereto, takes personal property from the person or in the presence of another and uses or threatens the imminent use of force against any person to overcome the person's resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property is guilty of robbery. . . .

To sustain a conviction under § 609.24, the following elements must be proven:

> (1) taking personal property from the person or in the presence of another and
>
> (2) using or threatening the imminent use of force against any person to overcome the person's resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property, while
>
> (3) having knowledge of not being entitled thereto.

*State v. Nelson*, No. A14-0810, 2015 WL 853492, at *2 (Minn. Ct. App. 2015).

---

[2] Minn. Stat. § 609.24 has not been amended between the defendant's 2009 conviction and the date on this brief.

### i. "Crime of Violence" under the Guidelines

USSG § 4B1.2(a) provides the definition[3] for a "crime of violence":

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> **[(1) Force Clause:]**   has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> **[(2) Enumerated, or Residual, Offenses Clause:]** is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

(emphasized headings added).

To preface, Mr. Williams is aware of this Court's recent decision in *United States v. Libby*, 880 F.3d 1011 (8th Cir. 2018). The panel in *Libby* held, for purposes of the ACCA, that the offense of Simply Robbery in Minnesota was a "violent felony."  Furthermore, this Court ruled on this issue again in *United States v. Pettis,* No. 16-3988 (8th Cir. 2016). Mr. Williams maintains his challenge here to preserve his argument for possible further appellate review and as such maintains, despite the *Libby* and *Pettis* decisions, Minnesota Simple Robbery statute does not qualify as a "crime of violence" under the

---

[3] USSG § 2K2.1 supplies a cross reference to USSG § 4B1.2(a) for the definition of a "crime of violence."

Guidelines. The United States Supreme Court has granted a Petition for Writ of Certiorari in *Stokeling v. United States*, ___ S.Ct.__, 2018 WL 1568030 (Apr. 2, 2018). The question before the high court is this: Is a state robbery offense that includes "as an element" the common law requirement of overcoming "victim resistance" categorically a "violent felony" under (ACCA) if the offense has been specifically interpreted by state appellate courts to require only slight force to overcome resistance? *Id*. at ii. The Supreme Court's ultimate decision in *Stokeling* may well alter the *Libby* rule, and as such, Mr. Williams is preserving his argument.

## II.   The district court erroneously imposed an enhanced Guideline base offense level, mistakenly determining that a 18 U.S.C. § 924(c)(1)(A) conviction qualifies as a "control substance offense."

Both before and at sentencing, the defense repeatedly objected to the determination that Mr. Williams' 2012 Federal conviction for possession of a firearm in furtherance of a drug trafficking crime qualified as a "controlled substances offense" under the Guidelines. This Court should overturn the district court's holding for the following reasons:

### A. This Court applies *de novo* review to a district court's determination that a prior conviction is a "controlled substance offense" under the Guidelines

The district court found that a base offense level of 24 should apply, USSG §2K2.1(a)(2), having determined that a prior 2012 Federal conviction for possession of a firearm in furtherance of a drug trafficking crime qualified as a "controlled substances offense" within the meaning of the Guidelines. USSG § 4B1.2.

This Court reviews *de novo* a district court's determination that a conviction is a "controlled substance offense" under the Guidelines. *United States v. McMillan*, 863 F.3d 1053, 1055 (8th Cir. 2017).

### B. A Federal § 924(c)(1)(A) conviction does *not* qualify as a "controlled substances offense."

Applying well-established principles, a Federal conviction for possession of a firearm in furtherance of a drug trafficking crime, pursuant to 18 U.S.C. § 924(c)(1)(A), does not qualify as a "controlled substances offense."

#### a. Applicable Statutes and Guidelines

##### i. The Possession of Firearm/Drug Trafficking Statute

Mr. Williams was convicted under 18 U.S.C. § 924(c)(1)(A), which provides, in relevant part:

any person who, during and in relation to any crime of violence or drug trafficking crime . . .  uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm. . . .

Accordingly, the statutory elements are:

1. Use or carrying a firearm;

2. During or in relation to a crime of violence or drug trafficking crime.

*United States v. Boman*, 873 F.3d 1035, 1041 (8th Cir. 2017).

As relevant here, "drug trafficking crime" means any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46. 18 U.S.C. § 924(c)(2).

### ii. "Control Substance Offense" under the Guidelines

USSG § 4B1.2(b) provides the definition of a "controlled substance offense." It states:

The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

The Application Note to § 4B1.2 provides that "[a] violation of 18 U.S.C. § 924(c). . . is a 'controlled substance offense' if the offense of conviction

established that the underlying offense was . . . a "controlled substance offense."

### b. Application of the Categorical Approach to the Firearm/Drug Trafficking Statute

To determine whether a prior conviction qualifies as a "controlled substance offense", the Court must apply the categorical approach. *United States v. Maldonado*, 864 F.3d 893, 897 (8th Cir. 2017), cert. denied, 138 S. Ct. 702 (2018). We already know that a conviction under § 924(c) does not always qualify as a "controlled substance offense" because, as cited earlier, the application note to USSG §4B1.2 states "[a] violation of 18 U.S.C. § 924(c). . . is a 'controlled substance offense' *if* the offense of conviction established that the underlying offense was . . . a "controlled substance offense." (emphasis added). *See United States. v. Robinson*, 447 Fed.Appx. 512, 514-15 (4th Cir. 2011).

The original indictment filed in Mr. Williams' 2012 case charging him with possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A), cites no particular "drug trafficking crime" nor does it specify any particular statutory provision for the alleged "drug trafficking crime." Instead, the indictment alleges in generalized terms a "conspiracy to distribute controlled substances" with no statutory citation. (D. Minn. No. 11-216, DCD 6).

With that background in place, the question now for the Court is whether the generalized allegation of a "drug trafficking crime" found somewhere in the federal code categorically qualifies as a "controlled substance offense" under the Guidelines. The answer is no.

Because a Federal statute is at issue, the categorical approach requires the Court to look at the statutory definition of "drug trafficking crime" found in the relevant federal statute, 18 U.S.C. § 924(c)(2). As noted above, this definition includes offenses cited under a wide-range of federal statutes, including every provision of the Controlled Substances Act, 21 U.S.C. § 801, et seq. With that being true, alongside the fact that the indictment did not provide a particular "drug trafficking crime" or specify any particular statutory provision for the alleged "drug trafficking crime," this crime could have been one of many offenses proscribed in the Controlled Substances Act (or other enumerated statutes).

For example, the offense could have been merely advertising the sale of a controlled substance, 21 U.S.C. § 843(c), or simple possession of a controlled substance, 21 U.S. Code § 844. Courts have held both these offenses are not "controlled substance offenses" under the Guidelines. *See United States v. Savage*, 542 F.3d 959, 965 (2d Cir. 2008) ("[A] mere offer to sell, absent possession, does not fit within the Guidelines' definition of a

controlled substance offense."); *United States v. Price*, 516 F.3d 285, 288-89 (5th Cir. 2008) (same); *United States v. Robinson*, 639 F.3d 489, 495 (8th Cir. 2011) ("A felony conviction for simple possession of a controlled substance does not qualify as a controlled substance offense under § 4B1.2.") (citing *Salinas v. United States*, 547 U.S. 188 (2006) (per curiam)).  If the alleged underlying offense was one of the two example cited, Mr. Williams' § 924(c) conviction would not be a "controlled substance offense" under § 2B1.2(a).

Furthermore, courts have held that a § 924(c)(1)(A) conviction may stand even when a defendant is acquitted of the underlying "crime of violence or drug trafficking offense." *See, e.g., United States v. Ruiz*, 986 F.2d 905, 911 (5th Cir. 1994). A conviction may accrue even when the claimed underlying offense isn't charged, or even independently established to the satisfaction of a fact finder. *See id; Myers v. United States*, 993 F.2d 171, 172 (8th Cir. 1993). Thus, employing the categorical approach, one can't say that a conviction under § 924(c)(1)(A) always establishes the underlying "drug trafficking crime." This is true here. For this additional reason, the § 924(c)(1)(A) conviction at issue here cannot be classified as a "controlled substance offense" under the categorical approach.

## CONCLUSION

In sum, neither the state robbery conviction nor the § 924(c)(1)(A) conviction qualify as a Guideline predicate. For this reason, Mr. Williams' base offense level was incorrectly determined.  Mr. Williams respectfully requests that his sentence be vacated and his case remanded for re-sentencing.

Dated:  June 6, 2018                      Respectfully submitted,

                                            ***s/ Manny K. Atwal***

                                            MANNY K. ATWAL
                                            Assistant Federal Defender
                                            District of Minnesota

                                            U.S. Courthouse, Suite 107
                                            300 South Fourth Street
                                            Minneapolis, MN 55415
                                            612-664-5858

                                            Attorney for the Appellant

In the
UNITED STATES COURT OF APPEALS
For the Eighth Circuit

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Appeal No. 18-1273 |
| | ) | |
| v.          Appellee, | ) | |
| | ) | **CERTIFICATE OF COMPLIANCE** |
| TRUDALE  RAYMOND WILLIAMS, | ) | **AND OF VIRUS FREE ELECTRONIC** |
| | ) | **BRIEF** |
| Appellant. | ) | |

I hereby certify that the Brief of Appellant filed in contains 2,895 words, excluding the table of contents, table of citations, table of abbreviations, statements with respect to oral argument, addendum and certificates of counsel and service, as counted by the word-processing system (Word) used to generate the brief.  The brief otherwise complies with the type-volume limitations set forth in F.R.A.P. 32(a)(7)(B) and (C)(Dec. 1, 1998) and Eighth Circuit Rule 28A(c).

I also certify that the electronic brief has been scanned for viruses and is virus free.

Dated:  June 6, 2018                    Respectfully submitted,

*s/ Manny K. Atwal*

MANNY K. ATWAL
Assistant Federal Defender
District of Minnesota
U.S. Courthouse, Suite 107
300 South Fourth Street
Minneapolis, MN  55415
Attorney for the Appellant

In the
UNITED STATES COURT OF APPEALS
For the Eighth Circuit

United States of America,

Appeal No. 18-1273

v.                         Appellee,

**CERTIFICATE OF SERVICE**

Trudale Raymond Williams,

Appellant.

The undersigned hereby certifies that he is an employee of the Office of the Federal Defender for the District of Minnesota and that on June 6, 2018 he served the following documents electronically through CM/ECF to the below-listed party:

A.     Brief of Appellant;
B.     Certificate of Compliance (bound in brief).

Nathan H. Nelson, AUSA

*s/ Jay Vicha*